810 F.2d 194
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
COMMUNITY NEWSPAPERS, INC., Plaintiff-Appellee,
v.
Ken LANGLEY, Continental Printing Machinery, Inc.,
Defendants-Appellants,
and
Mid American Bank & Trust Company, Defendant.
 No. 86-1200.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 18, 1986.
Decided Jan. 21, 1987.
 
 Before ERVIN and CHAPMAN, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 Ken Langley, appellant pro se.
 Koger McIntosh Bradford, Butler, Means, Evins & Browne, for appellee.
 PER CURIAM:
 
 
 1
 Ken Langley and Continental Printing Machinery, Inc. (collectively, Langley), appeal from the default judgment of the district court awarding Community Newspapers money damages for the wrongful conversion of the sale proceeds of Community Newspapers' printing presses. The district court, in addition to awarding money damages, "further ordered that the Defendants are prohibited from the sale or disposition of any of their assets until further order of [the district] court." Langley appeals only from this order of injunctive relief.
 
 
 2
 Ken Langley seeks to represent the corporate defendant, Continental Printing, as well as himself on appeal. Although a corporation, as a fictional legal person, can only be represented by licensed counsel, In re K.M.H., Inc., 652 F.2d 399 (5th Cir.1981), we decline to dismiss Continental Printing for failure to prosecute its appeal. The terms of the injunction under review arguably preclude Continental Printing from retaining counsel to prosecute this appeal.
 
 
 3
 The nature of this injunction is not entirely clear. The injunction is not a preliminary injunction; preliminary injunctions are ordered when justice "requires preservation of the status quo until a determination on the merits [of a suit] is reached." Lynch Corporation v. Omaha National Bank, 666 F.2d 1208, 1213 (8th Cir.1981). Nor is the injunction a permanent injunction since by its terms it contemplates further hearings. Because "[e]very order granting an injunction" is subject to Fed.R.Civ.P. 65(d), however, we need not resolve this question.
 
 
 4
 Rule 65(d) provides that every order granting an injunction "shall set forth the reasons for its issuance; shall be specific in terms; [and] shall describe in reasonable detail ... the act or acts sought to be restrained." This case further proves the wisdom of these requirements. See Buckingham Corp. v. Karp, 762 F.2d 257 (2d Cir.1985).
 
 
 5
 The district court failed to state any reasons for imposing this sweeping injunction on all of Langley's assets. It is clear that that part of the judgment order enjoining Langley from using or disposing of any assets cannot be permitted to remain in force absent compliance with Rule 65(d) requirements.
 
 
 6
 We note, for proceeding on remand, that "the appropriateness of both permanent and preliminary injunctions depends on equitable considerations and the adequacy of monetary relief." Buckingham Corp., 762 F.2d at 262. Unless the district court concludes that all of a defendant's assets are held in trust for the plaintiff, it would be improper to impound those assets by means of an injunction in order to aid the plaintiff in executing their award of money damages. Johnson v. England, 356 F.2d 44, 52 (9th Cir.), cert. denied, 384 U.S. 961 (1966). This general rule has been tempered to allow "a limited intervention by equity [if] designed to prevent irreparable harm in those circumstances where ... the defendant's liability has already been determined." Friends for All Children v. Lockheed Aircraft, 746 F.2d 816, 829 (D.C.Cir.1984). Such exigencies may exist where a defendant is insolvent, Teamsters Freight, Etc. v. Southern Forwarding Company, 424 F.Supp. 11, 13 (E.D.N.Y.1976), where the assets necessary to satisfy a judgment are about to be dissipated or removed beyond judicial reach, Foltz v. U.S. News and World Report, 760 F.2d 1300, 1305 (D.C.Cir.1985), or where other likely future injuries, not compensable through a monetary award, justify the entry of an injunction.
 
 
 7
 We see no basis in the record before us on which a carefully tailored injunction could be imposed. We do not say, however, that such circumstances do not exist. To the contrary, we leave that question for the district court to determine on remand.
 
 
 8
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively, vacate that part of the district court's order enjoining the defendants from the use or disposition of their assets, and remand for further proceedings consistent with this opinion. The default judgment is in all other respects affirmed.
 
 
 9
 AFFIRMED IN PART, VACATED IN PART, and REMANDED.